UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY LETT, | ) | CASE NO. 1:16 CV 2709 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CLIFFORD PINKNEY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 7, 2016, Plaintiff *pro se* Anthony Lett, an inmate at the Cuyahoga County Jail, filed the above captioned action under 42 U.S.C. § 1983 against Cuyahoga County Sheriff Clifford Pinkney and Cuyahoga County Nurses Jane Doe #1 and Jane Doe # 2. Plaintiff alleges in the Complaint that jail personnel provided only a portion of his prescription for pills to treat his internal hemorrhoids, and then provided him hemorrhoid cream instead. His prescription was subsequently canceled. Plaintiff asserts this subjected him to cruel and unusual punishment in violation of the Eighth Amendment.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Even construing the Complaint liberally, Plaintiff fails to state a valid claim for relief under the Eighth Amendment. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825. 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's allegations do not describe conduct indicating a degree of culpability greater than negligence.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                              s/ Christopher A. Boyko
                                                              CHRISTOPHER A. BOYKO
                                                              UNITED STATES DISTRICT JUDGE

DATED: December 14, 2016